BARRY J. PORTMAN
Federal Public Defender
NED SMOCK
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for DAVID F. BUSBY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 11-00188 SBA |
| Plaintiff, | ) ) | DEFENDANT'S NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF |
| vs. | ) ) | MOTION TO SUPPRESS EVIDENCE |
| DAVID F. BUSBY, | ) ) | Date:   September 13, 2011 |
| Defendant. | ) ) | Time:   11:00 a.m. Court: The Honorable Saundra Brown |
| | ) | Armstrong |

Def's Mtn. to Suppress
No. CR 11-00188 SBA

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.    The Warrantless Seizure and Search of Computers at Mr. Busby's Workplace . . . . . . . 2

B.    The Warrant Search of Mr. Busby's Home . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

C.    The Un-*Mirandized* Interrogations of Mr. Busby . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A.    The Warrantless Search and Seizure of Mr. Busby's Work Laptop and
      Computer Equipment Violated the Fourth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . 4

B.    The Subsequent Warrant Search of Mr. Busby's Home Violated the Fourth
      Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      1.    The Statement of Probable Cause relied upon information obtained
            in the course of a presumptively unconstitutional search and seizure . . . . . . . . . 6

      2.    On its face, the Statement of Probable Cause did not in fact establish
            probable cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            a.    The images as described in the affidavit do not
                  establish probable cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            b.    The witness statements relied upon in the
                  affidavit do not establish probable cause . . . . . . . . . . . . . . . . . . . . . . . . . 9

            c.     The affiant's boilerplate statements
                  regarding consumers of child pornography
                  do not establish probable cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            d.    The affidavit did not establish probable cause
                  that evidence or contraband likely would be
                  located in Mr. Busby's home . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      3.    If the Court Does Not Suppress All Fruits of the Search of Mr.
            Busby's Home, It Must Conduct a *Franks* Hearing Because of
            Material Misrepresentations in the Statement of Probable
            Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            a.    The images described in the affidavit were falsely
                  represented as constituting child pornography when
                  they were depictions of neither children nor
                  pornography . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

b.   The affidavit materially misrepresented the nature of the software on Mr. Busby's computer . . . . . . . . . . . . . . . . . . . . . . . . . . 14

c.   The government agents' repeated failure to advise Mr. Busby of his *Miranda* rights before interrogating him Necessitates the suppression of all Mr. Busby's statements made in the course of the interrogations . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

1

## TABLE OF AUTHORITIES

2

3    *Bunnell v. Motion Picture Association of America*, 567 F. Supp. 2d 1148 (C.D. Cal. 2007) . . . 10

4    *Franks v. Delaware*, 438 U.S. 154 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

5    *Illinois v. Gates*, 462 U.S. 213 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 11

6    *Miranda v. Arizona*, 384 U.S. 436 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

7    *Murray v. United States*, 487 U.S. 533 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8    *O'Connor v. Ortega*, 480 U.S. 709 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9    *United States v. Angulo-Lopez*, 791 F.2d 1394 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . 7, 9

10   *United States v. Brown*, 563 F.3d 410 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11   *United States v. Caseres*, 533 F.3d 1064 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

12   *United States v. Gourde*, 440 F.3d 1065 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

13   *United States v. Greany*, 929 F.2d 523 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

14   *United States v. Grubbs*, 547 U.S. 90 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15   *United States v. Hawkins*, 249 F.3d 867 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

16   *United States v. Heckenkamp*, 482 F.3d 1142 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 4

17   *United States v. Hill*, 459 F.3d 966 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

18   *United States v. Hove,* 848 F.2d 137 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19   *United States v. Kelley*, 482 F.3d 1047 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

20   *United States v. Martin*, 426 F.3d 68 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

21   *United States v. Napier*, 436 F.3d 1133 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

22   *United States v. Rabe*, 848 F.2d 994 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

23   *United States v. Simons*, 206 F.3d 392 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

24   *United States v. Stanert*, 762 F.2d 775 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

25   *United States v. Weber*, 923 F.2d 1338 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

26   *Yarborough v. Alvarado*, 541 U.S. 652 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**FEDERAL STATUTES**

18 U.S.C. § 2252 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

U.S. Const. amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**STATE STATUTE**

Cal. Penal Code § 311.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 14

1    BARRY J. PORTMAN
     Federal Public Defender
2    NED SMOCK
     Assistant Federal Public Defender
3    555 - 12th Street
     Suite 650
4    Oakland, CA 94607-3627
     Telephone: (510) 637-3500
5
     Counsel for DAVID F. BUSBY
6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          )   No. CR 11-00188 SBA
                                        )
12                    Plaintiff,        )   DEFENDANT'S NOTICE, MOTION AND
                                        )   MEMORANDUM IN SUPPORT OF
13   vs.                                )   MOTION TO SUPPRESS EVIDENCE
                                        )
14   DAVID F. BUSBY,                    )   Date:   September 13, 2011
                                        )   Time:   11:00 a.m.
15                    Defendant.        )   Court:  The Honorable Saundra Brown
                                        )           Armstrong
16   _____)

17

18        TO:    UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA
                 HAAG, UNITED STATES ATTORNEY, AND SUZANNE B.
                 MILES, ASSISTANT UNITED STATES ATTORNEY
19
          PLEASE TAKE NOTICE that counsel for defendant David F. Busby hereby moves this
20
     Court for an order suppressing all fruits of the warrantless seizures and searches of his work
21
     computers and other electronic equipment as well as all fruits of the warrant search of his home.
22
     If the Court does not suppress all fruits of the warrant search of his home based upon the
23
     insufficiency of the warrant application, Mr. Busby respectfully requests a *Franks* hearing. Mr.
24
     Busby also moves to suppress all statements made in the course of two un-*Mirandized*
25
     interrogations.
26

The motion is based on this notice and motion, the following memorandum of points and authorities, the Fourth and Fifth amendments to the United States Constitution and all other applicable constitutional, statutory and case authority, and such evidence and argument as may be presented at the hearing of this motion.

## INTRODUCTION

Federal officers seized and searched computers and other electronic devices found at Mr. Busby's workplace without a warrant.  Based on information allegedly found on one of those computers, a University of California Police Department ("UCPD") officer obtained a warrant to search Mr. Busby's home.  The government cannot carry its burden of proving that the initial warrantless seizure and search did not violate the Fourth Amendment.  Further, the search warrant was not valid because (1) it was based on the initial unconstitutional warrantless seizure and search; (2) the warrant affidavit did not establish probable cause to believe that a crime had been committed or that evidence of contraband would be found in Mr. Busby's home; and (3) the warrant affidavit included material misstatements.  Accordingly, all fruits of the warrantless seizure and search at Mr. Busby's workplace, as well as all fruits of the warrant search of Mr. Busby's home, must be suppressed.  State and federal officers also questioned Mr. Busby without first advising him of his rights.  All fruits of these un-*Mirandized* interrogations also must be suppressed.

## STATEMENT OF FACTS

**A.     The Warrantless Seizure and Search of Computers at Mr. Busby's Workplace**

On April 20, 2010, an employee of the cyber security group at the Lawrence Berkeley National Laboratory ("LBNL") who was engaged in "routine log analysis" noticed that a computer system was accessing a number of domains ending in .biz and .info.[1]  *See* E-mail,

---

[1]LBNL is a public institution, managed by the University of California System and funded by the United States Department of Energy.  Complaint Form, attached as Exhibit B to Smock Decl.

1   attached as Exhibit A to the Declaration of Ned Smock ("Smock Decl.").  The employee

2   contacted a manager, noting that it was unclear whether or not "the system was (1) compromised

3   and being used to relay activity . . . (2) was driven by user activity, or (3) unknown."  *Id.*  The

4   LBNL network authentication on the computer system was traced to Mr. Busby, who was an

5   LBNL employee.  Complaint Form, attached as Exhibit B to Smock Decl.  Mr. Busby was

6   working at the time at LBNL's Oakland Scientific Facility site.  Statement of Probable Cause,

7   attached as Exhibit C to Smock Decl.

8        Without any additional information or authorization, the LBNL cyber security team went

9   to the Oakland site and seized Mr. Busby's laptop, eight other computers he allegedly operated

10   and several hard drives in and around his desk.  Incident Report, attached as Exhibit D to Smock

11   Decl.  That evening, the LBNL team transferred all the seized equipment to the UCPD.  Exh. C

12   to Smock Decl.  Without a warrant, UCPD made a forensic copy of the hard drive of Mr.

13   Busby's laptop and searched it.  *Id.*

14        From May 3 to May 13, 2010, agents of the Department of Energy Office of the Inspector

15   General (DOE OIG) Technology Crimes Unit obtained the hardware that had been seized without

16   a warrant from Mr. Busby's workplace and began imaging and examining the contents of the

17   hard disk drives.  Memoranda of Investigative Activity, attached as Exhibits E-H to Smock Decl.

18   **B.    The Warrant Search of Mr. Busby's Home**

19        On April 21, 2010, UCPD Detective Sabrina Reich obtained from the Alameda County

20   Superior Court a warrant to search Mr. Busby's home.  Exh. C to Smock Decl.  The warrant

21   affidavit claimed that there was probable cause to search Mr. Busby's home based on three

22   pieces of information:  (1) witness statements linking the IP address of Mr. Busby's work laptop

23   to certain websites "suspected" of hosting child pornography; (2) nine images found on Mr.

24   Busby's laptop purportedly depicting females in their "mid-to-late teens"; and (3) the affiant's

25   opinions about the behaviors of possessors and disseminators of child pornography.  *Id.* at DB-

26   13.  On April 22, 2010, UCPD police and DOE OIG agents searched Mr. Busby's home.

1    Memorandum of Investigative Activity, attached as Exhibit I to Smock Decl.  They seized a

2    laptop, several hard drives, a DVD, a VHS tape and various electronics items.  UCPD

3    Supplemental Report, attached as Exhibit J to Smock Decl.

4    **C.      The Un-*Mirandized* Interrogations of Mr. Busby**

5           During the April 22 search of Mr. Busby's home, Detective Reich interrogated Mr. Busby

6    without first advising him of his *Miranda* rights.  *See* Exh. J to Smock Decl. On April 30, 2010,

7    DOE OIG agents returned to Mr. Busby's home to question him, again without advising him of

8    his *Miranda* rights.  Memorandum of Investigative Activity, attached as Exhibit K to Smock

9    Decl.

10          Based upon images allegedly located on the computers that government agents seized and

11   searched, Mr. Busby is charged in this case with one count of knowing possession of a matter

12   containing child pornography.

13                                      **ARGUMENT**

14   **A.      The Warrantless Search and Seizure of Mr. Busby's Work Laptop and
             Computer Equipment Violated the Fourth Amendment.**

15          The Fourth Amendment guarantees the right to be free from unreasonable government

16   searches.  U.S. Const. amend. IV; *United States v. Caseres*, 533 F.3d 1064, 1069 (9th Cir. 2008).

17   The LBNL agents who conducted the initial warrantless seizure and search were government

18   employees:  LBNL is "supported by the U.S. Department of Energy" and "managed by the

19   University of California," a public institution.  Exh. B to Smock Decl. at DB-15.  Because the

20   agents who seized and searched Mr. Busby's laptop and other electronic equipment were

21   employees of a government institution, and because their seizure and search were within the

22   scope of their employment, their conduct is subject to the strictures of the Fourth Amendment.

23   *See O'Connor v. Ortega*, 480 U.S. 709, 714-15 (1987) (searches and seizures by government

24   employees are subject to Fourth Amendment) (plurality); *United States v. Simons*, 206 F.3d 392,

25   398 (4th Cir. 2000) (holding that Fourth Amendment prohibits unreasonable searches by

26

1   government employers and supervisors); *see also United States v. Heckenkamp*, 482 F.3d 1142,

2   1143-48 (9th Cir. 2007) (applying Fourth Amendment scrutiny to a computer search conducted

3   by state university staff).

4     "A warrantless search is unconstitutional unless the government demonstrates that it falls

5   within certain established and well-defined exceptions to the warrant clause." *United States v.*

6   *Brown*, 563 F.3d 410, 414 (9th Cir. 2009) (internal quotation marks and brackets omitted).  The

7   government bears the burden of persuading the Court that a warrantless search does not violate

8   the Fourth Amendment.  *Id.*; *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001); *see*

9   *also Caseres*, 533 F.3d at 1076 (holding that government did not carry burden of establishing that

10  search was valid as parole search).  If the government does not carry its burden of establishing

11  that a warrantless search or seizure is constitutional, all evidence obtained as a result of the

12  search or seizure must be suppressed.  *Caseres*, 533 F.3d at 1076.

13    It is unquestionable that the seizure and searches of Mr. Busby's work laptop and

14  electronic equipment were undertaken without a warrant.  *See* Exh. C to Smock Decl.  Because

15  warrantless searches and seizures by government employees are presumptively unconstitutional,

16  the government must prove that the searches did *not* violate the Fourth Amendment.  Otherwise,

17  all fruits of the warrantless seizure and searches must be suppressed.

18  **B.   The Subsequent Warrant Search of Mr. Busby's Home Violated the Fourth**
    **Amendment.**

19

20    Even though government officials obtained a warrant before they searched Mr. Busby's

21  home, this warrant search also violated the Fourth Amendment, for several reasons.  First, the

22  affidavit supporting the search warrant, titled "Statement of Probable Cause" ("Statement"),

    relied on information obtained in the course of the warrantless seizure and searches of Mr.

23

24  Busby's work laptop.  *See* Exh. C to Smock Decl.  Second, the evidence presented to the court in

    the Statement was insufficient to establish probable cause that a crime had been committed or

25

    that contraband likely would be found in Mr. Busby's home.  Finally, the Statement was riddled

26

with material misrepresentations of fact, without which there would have been no basis to search Mr. Busby's home. Both individually and collectively, these facts warrant suppression of the fruits of the search of Mr. Busby's home.

### 1. The Statement of Probable Cause relied upon information obtained in the course of a presumptively unconstitutional search and seizure.

As an initial matter, all fruits of the warrant search of Mr. Busby's home must be suppressed because the warrant was the fruit of the initial warrantless seizure and search of Mr. Busby's laptop, which, as discussed above, violated the Fourth Amendment. *See, e.g.*, *Murray v. United States*, 487 U.S. 533, 536-42 (1988) (stating that exclusionary rule prohibits government's use of evidence that is product of evidence obtained from unlawful prior search; warrant is not independent of prior illegality if information from prior illegal search was presented to magistrate and was material to decision to issue warrant).

### 2. On its face, the Statement of Probable Cause did not in fact establish probable cause.

To be constitutionally valid under the Fourth Amendment, a search warrant affidavit must establish probable cause. Specifically, the Fourth Amendment "requires the government to establish by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed and that items related to that offense . . . will be found on the premises sought to be searched at the time the warrant is issued." *United States v. Rabe*, 848 F.2d 994, 997 (9th Cir. 1988); *see also Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Determining whether an affidavit establishes "probable cause" is a fact-intensive exercise, depending upon the "totality of the circumstances" and "factual, practical considerations." *Gates*, 462 U.S. at 230-31. The *Gates* totality-of-the-circumstances test "applies with equal force to cases involving child pornography on a computer." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006). Probable cause in this context means a "fair probability that contraband or evidence is located in a particular place." *Gates*, 462 U.S. at 231.

1   The Court must consider whether there is a "substantial basis for concluding that the affidavit in

2   support of the warrant established probable cause." *United States v. Greany*, 929 F.2d 523, 524

3   (9th Cir. 1991).

4        Whether probable cause exists ultimately depends on whether the affidavit presents

5   enough information for a magistrate independently to determine probable cause.  The

6   magistrate's issuance of a warrant "cannot be a mere ratification of the bare conclusion of

7   others." *Gates*, 462 U.S. at 230.  An affidavit must contain more than "mere conclusory

8   allegations that a suspect was engaged in criminal activity." *United States v. Angulo-Lopez,* 791

9   F. 2d 1394, 1397 (9th Cir. 1986).

10       The Statement in support of the warrant to search Mr. Busby's home did not give the

11  magistrate an adequate basis to find probable cause that a crime had been committed or that

12  contraband or evidence would be located in his home.  The Statement relied on three central

13  pieces of evidence: first, images suspected of being child pornography under the California Penal

14  Code; second, software files suspected of being used to facilitate the downloading of child

15  pornography; and finally, boilerplate language regarding the behaviors of child pornographers.

16  *See* Exh. C to Smock Decl.

17       As presented in the affidavit, this evidence was insufficient to establish probable cause.

18  The search warrant thus violates the Fourth Amendment, and all fruits of the search of Mr.

19  Busby's home must be suppressed.

20                    a.     **The images as described in the affidavit do not**
                            **establish probable cause.**
21

22       The Statement described nine images of alleged child pornography found on Mr. Busby's

23  work laptop, but these descriptions do not support a finding of probable cause.  First, the

24  descriptions of the images in the affidavit do not establish that the subjects in the images are

25  children.  Second, the descriptions do not indicate that the images meet the California Penal

26  Code's definition of "sexually explicit conduct."  Because the descriptions in the Statement did

1  not give the magistrate a basis for believing that the images were either pornography *or* of

2  children, they could not establish probable cause.

3        With respect to each of the nine images, the Statement described the females depicted

4  therein as being in their "mid-to-late teens." "Late teens" can include females who are 18 or 19,

5  images of whom do not fall within the statutory definition of child pornography.  *See* Cal. Penal

6  Code § 311.4 (noting that the statute applies to images of "minors," defined as being "under the

7  age of eighteen years").  The affidavit failed to describe the images in sufficient detail to give the

8  magistrate a substantial basis for concluding that they were depictions of minors.  *Cf. United*

9  *States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006) (finding probable cause established in an

10  affidavit in which the images upon which the search warrant affidavit was based unambiguously

11  depicted children).

12        Furthermore, as described in the affidavit, the images do not depict sexual acts

13  constituting pornography.  The California Penal Code defines child pornography as a depiction of

14  sexual conduct, which it defines as, *inter alia*, "sexual intercourse" or "exhibition of the genital

15  or rectal area for the purpose of sexual stimulation of the viewer" or "lewd and lascivious acts"

16  with a child under the age of 14.  Cal. Penal Code  § 311.4(d); *see id.* § 288.  The broader

17  definition of child pornography involving children under 14 is inapplicable here; the subjects are

18  described as being in their "mid-to-late teens."  The statutory criteria thus are stricter, requiring a

19  clear depiction of sexually explicit conduct.  *Id.* § 311.4(d).

20        The Statement here described images depicting, for example, a single female "wearing a

21  black dress, and sitting with breasts partially exposed"; "sitting on a fence and leaning back in a

22  sexually suggestive manner"; or "standing in a sexually suggestive manner."  Exh. C to Smock

23  Decl. at DB-12.  However, sexual *suggestion* and sexually *explicit conduct* cannot be conflated;

24  what is "suggestive" logically cannot also be "explicit."  Because the Statement's descriptions

25  failed to establish that the images depict sexual conduct as defined in the statute, it failed to

26  establish that these images were pornographic.

As the Ninth Circuit noted in *United States v. Hove*, "[i]t is critical to a showing of probable cause that the affidavit state *facts* sufficient to justify a *conclusion* that evidence or contraband will probably be found at the premises to be searched." 848 F.2d 137, 140 (9th Cir. 1988) (emphasis added).  The magistrate cannot rely solely on the affiant's "conclusory allegation," *Angulo-Lopez*, 791 F. 2d at 1397, that these images constituted child pornography when the affidavit's descriptions of them did not even meet the statutory definition of child pornography.  If anything, the descriptions established that the images are *not* child pornography. They certainly did not give the magistrate a substantial basis to find that a crime had been committed, or that evidence of that crime would be found at Mr. Busby's home.

> **b.    The witness statements relied upon in the affidavit do not establish probable cause.**

Another purported basis for issuance of the search warrant were witness statements regarding websites accessed by Mr. Busby's laptop computer and software found on that computer. However, these statements, considered separately or in combination, are insufficient to establish probable cause.

The affiant stated that an IP address, accessed by Mr. Busby's laptop, was being used to access "suspected child pornography websites."   Exh. C to Smock Decl. at DB-10.  However, the Statement gave no details about how the IP address was linked to the laptop or what made these websites suspect.  *Cf. Gourde*, 440 F.3d at 1066 (upholding validity of warrant that described in detail defendant's paid subscription to website called "Lolitagurls.com," which advertised itself as premier spot for photographs of "young girls").  The affiant's conclusion did not give the magistrate a basis for independently determining whether there was probable cause for the search.

Similarly, the Statement noted that witnesses described finding "decoding and video viewing files," which it claimed are "known" to be used by sexual offenders to transfer child pornography.  Exh. C to Smock Decl. at DB-11.  However, the Statement gave no detail about

1  these programs.  Video and photo viewing files have legitimate purposes, and such programs are

2  present on virtually *all* computers.[2]  Even copyright-infringing programs, such as BitTorrent,

3  which facilitate the downloading of large files, are used widely to download an array of popular

4  television shows and non-pornographic movies.  *See Bunnell v. Motion Picture Ass'n of America*,

5  567 F. Supp. 2d 1148, 1149 & n.1 (C.D. Cal. 2007).

6       Once again, the Statement failed to provide an adequately detailed description to give the

7  magistrate an independent basis to assess probable cause.  Instead, it relied wholly on vague

8  statements and conclusory allegations.

9           **c.      The affiant's boilerplate statements
                       regarding consumers of child pornography**
10                     **do not establish probable cause.**

11      The bulk of the Statement of Probable Cause consists of the affiant's "opinions and

12  conclusions" regarding "people who produce, trade, distribute or possess images or pictures of

13  minors engaged in sexually explicit conduct," and generalizations about the characteristics of

14  "these people."  Exh. C to Smock Decl. at DB-12 to -13.  The Statement alleged nowhere that

15  Mr. Busby produced, traded, or distributed child pornography.  Based on the inadequate

16  descriptions of the nine purportedly suspect images, the Statement failed to establish that Mr.

17  Busby even fell within the category of "possessors" of child pornography.  Thus the magistrate

18  had no basis to apply these "opinions and conclusions" to Mr. Busby.

19      The Ninth Circuit has rejected the use of boilerplate language detailing the general

20  behaviors of "pedophiles" and "child pornographers," noting that such language fails to establish

21  probable cause.  *United States v. Weber*, 923 F.2d 1338, 1340 (9th Cir. 1990).  "[I]f the

22  government presents expert opinion about a particular class of persons, for the opinion to have

23

24  ───────────────────────

       [2] Mr. Busby's work computer was a MacBook Pro.  *See* Exhibit D to Smock Decl.  A
25  standard-issue MacBook Pro is pre-loaded with software, including QuickTime, a video-
    viewing program, and iPhoto, a photo-viewing and editing program.  *See* MacBook Technical
26  Specifications, http://www.apple.com/macbookpro/specs.html.

any relevance, the affidavit must lay a foundation which shows that the suspected person is a member of the class." *Id.* at 1343.

The Statement here failed to lay the necessary foundation that Mr. Busby is a member of the class of "people who produce, trade, distribute, or possess images or pictures of minors engaged in sexually explicit conduct." Exh. C to Smock Decl. at DB-13. Rather, the affidavit "consists largely of rambling, boilerplate recitations designed to meet all law enforcement needs." *Weber*, 923 F.2d at 1343. Similar to the warrant affidavit rejected as insufficient in *Weber*, the Statement here "was not drafted with the facts of this case or this particular defendant in mind." *Id.*; *cf. United States v. Kelley*, 482 F.3d 1047, 1054 (9th Cir. 2007) (concluding that generalized "offender typology" language regarding child pornography collectors was probative when combined with defendant's receipt of nine separate e-mails, to two separate e-mail addresses, containing files that unambiguously depicted child pornography)*; United States v. Martin*, 426 F.3d 68, 75 (2d Cir. 2005) (concluding that defendant's membership in group called "girls12-16," whose chief purpose was to trade illegal pornographic material, coupled with expert testimony regarding hoarding tendencies of traders of pornographic material, established probable cause).

Because the Statement here included "opinions and conclusions" about a class of people to which it failed to establish Mr. Busby belonged, it did not give the magistrate a substantial basis to find probable cause.

> **d.    The affidavit did not establish probable cause
> that evidence or contraband likely would be
> located in Mr. Busby's home.**

The Fourth Amendment mandates that warrant affidavits establish a "fair probability that contraband or evidence *is located in a particular place*." *Gates*, 462 U.S. at 231 (emphasis added); *see also United States v. Grubbs*, 547 U.S. 90, 95 (2006) (noting that warrants require a magistrate determination that "contraband, evidence of a crime, or a fugitive will be *on the described premises*" (emphasis added)). The Statement here suffers from another fatal flaw: It

1   did not establish a basis for believing that evidence likely would be found in Mr. Busby's home.

2       The Statement failed to make a logical link between the alleged evidence found on Mr.

3   Busby's laptop and the affiant's conclusion that additional evidence of child pornography would

4   be found in Mr. Busby's *residence*.  The sole basis for this conclusion is the fact that Mr. Busby

5   "had previously taken his laptop to his residence."  Exh. C to Smock Decl. at DB-11.  However,

6   as mentioned above, LBNL employees already had possession of that laptop, so they could not

7   reasonably have expected to find it in his home.

8       Nor, as discussed above, did the Statement's boilerplate recitations about the behaviors of

9   child pornographers give the magistrate a basis for finding probable cause to believe that

10  evidence or contraband would be found in Mr. Busby's home.  The Statement gave no other basis

11  for the magistrate to believe that evidence likely would be found in Mr. Busby's home.  All fruits

12  of the warrant search of Mr. Busby's home must be suppressed because the affidavit did not

13  establish probable cause to search it.

14      **3.      If the Court Does Not Suppress All Fruits of the Search of Mr.**
            **Busby's Home, It Must Conduct a *Franks* Hearing Because of**
15          **Material Misrepresentations in the Statement of Probable**
            **Cause.**
16

17      Even if the Court does not suppress all fruits of the warrant search based on the

18  Statement's failure to establish probable cause, it must conduct a *Franks* hearing because the

    Statement includes material misstatements of fact.
19

20      Under *Franks v. Delaware*, 438 U.S. 154 (1978), "a defendant is entitled to a *Franks*

21  hearing if he makes a substantial preliminary showing that a false statement was deliberately or

22  recklessly included in the search warrant affidavit and that the statement was necessary to the

    finding of probable cause."  *United States v. Napier*, 436 F.3d 1133, 1139 (9th Cir. 2006).  The
23

24  defendant need not show, at this stage, clear proof of deliberate or reckless omissions or

    misrepresentations.  *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985).  Rather, to
25

26  obtain a hearing, the defendant need only "make a substantial showing" that the affidavit

intentionally or recklessly included misstatements or omitted information that would have precluded a finding of probable cause for the search.  *Id.*

In this case, the affiant relied on two main statements to persuade the magistrate to authorize the search:  that nine images on Mr. Busby's laptop constituted child pornography and that various video viewing files on Mr. Busby's laptop were being used mainly or exclusively for illicit purposes.  Each of these statements is demonstrably false.

> **a.    The images described in the affidavit were falsely**
> **represented as constituting child pornography when**
> **they were depictions of neither children nor**
> **pornography.**

The affiant in this case did not include with the Statement copies of the nine images found on Mr. Busby's laptop that allegedly constituted child pornography.   Instead, the affiant provided brief descriptions of the images.  When the images are not physically included with the affidavit, "the officer providing the description of the images ha[s] a duty . . . to do so in good faith, providing all relevant information to the magistrate."  *Hill*, 459 F.3d at 971 n.6.

The defense recently asked the government to review the nine images described in the Statement.  This review revealed that the officer's descriptions materially misrepresented the nature of the images.  The Statement described the images as depicting an individual female in her "mid-to-late teens" in such a manner as to constitute child pornography as defined in the California Penal Code.  Exh. C to Smock Decl. at DB-14.   However, this is a bald factual misrepresentation:  The images unequivocally depict a mature, clothed, female adult.  *See* photographs, attached as Exhibit L to Smock Decl.[3]

---

[3]  The Adam Walsh Act, 42 U.S.C. § 16911 *et seq.*, prohibits provision of copies of child pornography evidence to the defense.  For that reason, defense counsel must make special arrangements to view charged images at government facilities.  Here, the government provided copies of the nine images directly to the defense because they so clearly do not qualify as child pornography.  Declaration of Madeline Larsen ¶ 3.  The images are attached hereto as Exhibit L to the Declaration of Ned Smock.  The file name of each image is included so it can be linked to its relevant description in the Statement.

1    Like the analogous federal statute, *see* 18 U.S.C. § 2252, the child pornography provision

2    of the California Penal Code makes an essential element of the crime depiction of a *child, i.e.,*

3    someone under the age of 18.  *See* Cal. Penal Code § 311.4(d) (defining child pornography as

4    including minors "known to be under eighteen years old.").  Eight of the nine images here depict

5    the same individual female and one depicts another female, both of whom clearly are well past

6    the age of 18.  The images described in the Statement cannot possibly depict a female in her "mid

7    to late teens," and the images cannot be *child* pornography.

8    Further, the photos are not pornographic in nature, as the affiant claimed.  As discussed

9    above, the California Penal Code defines "pornography" as depictions of "sexually explicit

10   conduct," including "sexual intercourse" and "exhibition of the genital or rectal area for the

11   purpose of sexual stimulation of the viewer."  Cal. Penal Code § 311.4(d).  The photos here, as

12   review of the images themselves establishes, simply do not meet this definition.  Although they

13   may be suggestive, they clearly do not rise to the level of "explicit."  The affiant thus

14   misrepresented to the magistrate the images that were at the heart of the Statement's allegation of

15   probable cause for the search of Mr. Busby's home.

16          **b.    The affidavit materially misrepresented the nature of**
17                 **the software on Mr. Busby's computer.**

18   The Statement also included material misstatements about the software found on Mr.

19   Busby's laptop.  The Statement relied for its showing of probable cause on the "decoding and

20   video viewing files" and "a program commonly used to disguise the downloading of large files or

21   large volumes of data" that were found on Mr. Busby's laptop, suggesting that these files are

22   inherently incriminating and that are "known" to be used primarily by sexual offenders to transfer

23   child pornography.  Exh. C to Smock Decl. at DB-11.  In fact, such files and programs are found

24   on almost every computer and are used frequently and predominantly for legitimate, non-criminal

25   purposes.

26

Def's Mtn. to Suppress
No. CR 11-00100188 SBA                    - 14 -

The DOE OIG inspector involved in Mr. Busby's case noted that there was "no software on the computer that was devious or nefarious" and that he had found no program on the computer used to "disguise the downloading of large files," as the affiant had suggested. Declaration of Madeline Larsen ¶ 4.  He stated that "he did not know why [the affiant] said that [there were]."  *Id.*  Of the programs to which the Statement may have been referring, the inspector stated that they are "all commonly used," "legitimate" and are "no more indicative of illegal activity than the presence of the web browsers Internet Explorer or Safari."  *Id.* ¶ 5.

The Statement's representations about the images and programs found during the warrantless search of Mr. Busby's laptop serve as the very foundation of its showing of probable cause.  These representations also are demonstrably false.  There is no reason for their inclusion in the affidavit other than to mislead the magistrate into issuing a warrant.  Accordingly, if the Court does not suppress all fruits of the warrant search of Mr. Busby's home, it must at least hold a *Franks* hearing.  *See Franks*, 438 U.S. at 171 ("[I]f the remaining content [of the warrant affidavit] is insufficient, a defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.").

**C**.    **The government agents' repeated failure to advise Mr. Busby of his *Miranda* rights before interrogating him necessitates the suppression of all Mr. Busby's statements made in the course of the interrogations.**

Even if the Court were to find that the search of Mr. Busby's home was lawful, his statements must be excluded on the separate and independent basis that they were obtained in violation of *Miranda*.

The Supreme Court held in *Miranda* that police must advise suspects of certain rights before conducting an in-custody interrogation.  *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). "'[C]ustodial interrogation' mean[s] 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'"  *Yarborough v. Alvarado*, 541 U.S. 652, 661 (2004) (quoting *Miranda*, 384

U.S. at 458).  In considering whether a person is in custody, courts must look at "how a reasonable person in the suspect's situation would perceive his circumstances."  *Id.* at 662.  Statements that are the product of custodial interrogation must be suppressed unless the defendant first was advised of and validly waived his rights.  *Miranda*, 384 U.S. at 444.

In this case, Mr. Busby was interrogated twice:  first on April 22, 2010, by UCPD detectives; next, on April 30, 2010, by DOE OIG agents.  Exhs. J, K to Smock Decl.  He was not advised of his *Miranda* rights on either occasion.  *See id.*  The interrogations thus were presumptively unconstitutional, and all statements made by Mr. Busby during the interrogations must be suppressed.

## CONCLUSION

On April 22, 2010, government agents seized Mr. Busby's work laptop and other electronic equipment without a warrant.  Still without a warrant, agents searched his laptop and, after materially misrepresenting its contents to the magistrate, were able to obtain a search warrant.  State and federal gents also twice interrogated him without first advising him of his *Miranda* rights.

The Fourth and Fifth amendments prohibit this type of unrestrained government conduct.  The Fourth Amendment generally requires seizures and searches to be conducted pursuant to a warrant, and it requires these warrants to be supported by probable cause – not conclusory allegations and material misstatements.  The Fifth Amendment requires that subjects of interrogations be advised of their constitutional right to remain silent.  If these tenets are violated, the seizures and searches and interrogations are unlawful, and all their fruits must be suppressed.

Both the warrantless seizure and searches of Mr. Busby's work electronic equipment and the warrant search of his home violated these fundamental constitutional principles.  Because the Statement supporting the warrant contained material misrepresentations, Mr. Busby is entitled to a *Franks* hearing if the Court does not suppress all fruits of the warrant search based on the

insufficiency of the Statement on its face.  Because government agents twice interrogated him

without first advising him of his rights, Mr. Busby's statements also much be suppressed.

Dated: July 5, 2011

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/S/

NED SMOCK
Assistant Federal Public Defender