1   BARRY J. PORTMAN
    Federal Public Defender
2   NED SMOCK
    Assistant Federal Public Defender
3   555 - 12th Street
    Suite 650
4   Oakland, CA 94607-3627
    Telephone: (510) 637-3500
5
    Counsel for DAVID F. BUSBY
6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )    No. CR 11-00188 SBA
                                       )
12              Plaintiff,             )    DEFENDANT'S SUPPLEMENTAL BRIEF
                                       )    RE: MOTION TO SUPPRESS EVIDENCE
13  vs.                                )
                                       )    Date:  October 4, 2011
14  DAVID F. BUSBY,                    )    Time:  11:00 a.m.
                                       )    Court: The Honorable Saundra Brown
15              Defendant.             )           Armstrong
    _____)
16

17                          **INTRODUCTION**

18          Defendant David Busby moved to suppress all fruits of the warrantless seizures and

19  searches of his work-issued laptop computer and other computers and electronic equipment and

20  the warrant search of his home that was based on information obtained from the warrantless

21  search of his laptop. After briefing on his motion was completed, the Ninth Circuit issued a

22  published decision that addresses warrant searches of the home for evidence of child

23  pornography. *Dougherty v. City of Covina*, ___ F.3d ___, 2011 WL 3583404 (9th Cir. Aug. 16,

24  2011). Because *Dougherty* is relevant to the issues raised in Mr. Busby's motion to suppress, he

25  respectfully asks the Court for leave to submit this brief supplemental memorandum.

26

Def's Supp. Brief Re: Mtn to Suppress
No. CR 11-00188 SBA

1 **ARGUMENT**

2      In *Dougherty*, a civil rights action, police were investigating Dougherty, a teacher, for

3 possibly sexually molesting several of his students.  2011 WL 3583404 at *1.  They obtained a

4 warrant to search his home and seize computers, cameras and other electronic media and search

5 them for evidence of child pornography.  *Id.* at *2.  Disagreeing with the district court, the Ninth

6 Circuit held that the affidavit in support of the warrant did not establish probable cause for the

7 search.[1]  *Id.* at **2-4.

8      The Ninth Circuit emphasized that, as Mr. Busby argued in his motion, an affidavit must

9 include *facts* from which the magistrate can determine whether there is probable cause for the

10 search; the magistrate's issuance of the warrant "'cannot be a mere ratification of the bare

11 conclusions of others.'"  *Id.* at *3 (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)).

12 Moreover, "the reviewing court must make certain there was a '*substantial basis*' for the

13 finding" of probable cause.  *Id.* (quoting *United States v. Weber*, 923 F.2d 1338, 1343 (9th Cir.

14 1990) (emphasis added)).  The affidavit in *Dougherty*, the Ninth Circuit held, "contain[ed] no

15 *facts* tying the acts of Dougherty as a possible child molester to his possession of child

16 pornography."  *Id.* at *4 (emphasis added).  The affiant's "conclusory statement tying this

17 'subject,' alleged to have molested two children and looked inappropriately at others, to 'having

18 in his possession child pornography' is insufficient to create probable cause . . . ."  *Id.* at *5

19 (brackets omitted).[2]

20      In Mr. Busby's case, as in *Dougherty*, the affidavit included allegations that the

21 _____

22      [1]The Ninth Circuit ultimately affirmed the district court's dismissal of Dougherty's
   complaint on the grounds of qualified immunity.  *Id.* at *5.
23

24      [2]The Ninth Circuit's holding in *Dougherty* is in keeping with its consistent requirement
   that the reviewing judge have a "substantial basis" for finding probable cause.  In *Weber*, the
   Ninth Circuit found that probable cause did not exist to search a home for child pornography
25 based upon a warrant affidavit which recited that the defendant had been sent advertising
   material depicting child pornography and had ordered child pornography to be delivered to his
26 home.  923 F.2d at 1345.

Def's Supp. Brief Re: Mtn to Suppress
No. CR 11-00188 SBA                              2

1   defendant had molested a minor (in Mr. Busby's case) or minors (in *Dougherty*).  In opposing

2   the motion, the government argued that the affidavit established probable cause to search Mr.

3   Busby's home for evidence of child pornography based in part on his prior conviction for lewd

4   and lascivious acts with a child.  United States' Opposition to the Defendant's Motion to

5   Suppress Evidence at 4, 8.  Here, as in *Dougherty*, however, there were no *facts* linking the

6   allegations of prior child molestation to the possession of child pornography.  *Dougherty*, 2011

7   WL 3583404 at *4.  Instead, the affidavit here, like the affidavit in *Dougherty*, includes only a

8   statement from the affiant, based on his or her "training and experience," that people who molest

9   children tend to have child pornography.  *Compare Dougherty*, 2011 WL 3583404 at *4 ("In the

10  affidavit, Officer Bobkiewicz states only that '[b]ased upon [his] training and experience . . .

11  subjects in this type of criminal behavior have in their possession child pornography. . . .'"

12  (brackets and ellipses in original)) *with* Busby Affidavit, DB-13 ("Based on my training and

13  experience, I know that child sexual assault offenders use computers and other storage devices to

14  facilitate their crimes and subsequently store evidence of their crimes on their person or at their

15  residence . . . .").[3]  As the Ninth Circuit concluded, such opinions are not enough to establish

16  probable cause to search a defendant's home.  *Dougherty*, 2011 WL 3583404 at *5.

17      In this case, as in *Dougherty*, the affidavit also lacked facts establishing probable cause

18  that evidence of child pornography would be found *in the defendant's home*.  In both cases, the

19  affidavit relied on "allegations of sexual misconduct or molestation *at a place of work* [to]

20  provide probable cause to search *a residence* for child pornography."  *Id.* (emphasis added).  The

21  Ninth Circuit pointed out that the affidavit in *Dougherty* failed to include facts sufficient to

22  support a finding that evidence of child pornography probably would be found in the defendant's

23

24      [3]Although Mr. Busby had a prior conviction for lewd and lascivious acts with a child, the
    affidavit did not include any expert determination that he was a pedophile, *see Dougherty*, 2011
25  WL 3583404 at *4,  or any indication that "computers [or] other storage devices" were involved
    in this offense.  The affidavit also did not include any information about the date of Mr. Busby's
26  prior conviction.

    Def's Supp. Brief Re: Mtn to Suppress
    No. CR 11-00188 SBA                    3

1   home:   "[T]he affidavit does not even verify that Dougherty owned a computer or the other

2   targets of the search or had internet service or other means of receiving child pornography at his

3   home." *Id.* at *4.

4       So, too, in Mr. Busby's case.  The only allegation linking Mr. Busby's alleged viewing of

5   child pornography on his work laptop to his home was the (disputed) claim that he had at some

6   point taken the laptop to his home.  Importantly, this laptop had been seized by the police *before*

7   they sought the warrant, so it was not going to be found during a search of the home.  Here, as in

8   *Dougherty*, the affidavit did not include facts establishing probable cause to believe that

9   evidence of child pornography would be found in the defendant's home.  *See id.* at *3 (noting

10  that "in [*United States v. Rabe*, 848 F.2d 994 (9th Cir. 1988)], there was direct evidence that the

11  defendant had child pornography in his home.").

12                                      **CONCLUSION**

13      *Dougherty* provides new and further authority in support of Mr. Busby's arguments that

14  the affidavit submitted to authorize the search of his home did not establish probable cause for

15  the search.  Mr. Busby asks the Court to consider *Dougherty* along with the other authority he

16  has submitted in support of his motion.  For the reasons stated above and in his prior briefing in

17  support of his motion, Mr. Busby respectfully asks the Court to grant his motion to suppress.

18

19
    Dated: August 26, 2011                    Respectfully submitted,
20
                                              BARRY J. PORTMAN
21                                            Federal Public Defender

22                                            /s/ Ned Smock

23                                            NED SMOCK
                                              Assistant Federal Public Defender
24

25

26