UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No: CR 11-00188 SBA |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO PRODUCE DISCOVERY** |
| vs. | |
| DAVID BUSBY, | Dkt. 57 |
| Defendant. | |

Defendant David Busby is charged in a one-count Indictment with a violation of 18 U.S.C. § 2252(a)(4)(B)—Possession of Child Pornography.  The parties are presently before the Court on Defendant's Motion to Produce Discovery.  Dkt. 17.  In particular, Defendant seeks an order compelling the Government to provide him with two mirror copies of computer hard drives seized from his workplace.  Having read and considered the papers filed in connection with this matter, the Court hereby DENIES the motion for the reasons set forth below.

I.  **BACKGROUND**

   A.  **OVERVIEW**

   The parties are familiar with the facts of this case, which will only be summarized briefly herein.  In or about 2010, Defendant was employed by the Lawrence Berkeley National Laboratory ("LBL") in its Information Technology Division at a site located in Oakland, California.  After learning that Plaintiff had been visiting suspicious internet sites

using LBL's computer network, LBL contacted the University of California, Berkeley, Police Department ("UCPD").  UCPD conducted an investigation and eventually seized various computers from Defendant's office and home.[1]  A search of Defendant's computer hard drives revealed that he allegedly was in possession of child pornography.  On March 31, 2011, Defendant was indicted on one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

### B.   STIPULATED PROTECTIVE ORDER

On September 16, 2011, the parties filed a proposed Stipulation and Interim Protective Order ("Protective Order"), which the Court approved on September 20, 2011.  Dkt. 29.  The parties prepared the Protective Order to facilitate Defendant's access to the evidence of child pornography stored on the hard drives of the computers seized from Defendant's workplace.  The Protective Order is expressly governed by the Adam Walsh Child Protection and Safety Act, Pub. L. 109-248, 120 Stat. 587 ("the Adam Walsh Act" or "the Act"), which is discussed below.  See Protective Order at 2.

As a general matter, Federal Rule of Criminal Procedure 16 requires the Government to turn over to the defense material evidence obtained from the defendant that the Government intends to use in its case-in-chief.  See Fed. R. Crim. P. 16(a)(1)(E).  Enacted in 2006, the Adam Walsh Act "altered the balance of pre-trial criminal discovery under Rule 16" in child pornography cases.  United States v. Wright, 625 F.3d 583, 613-14 (9th Cir. 2010).  The Act provides that "a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography . . . , <u>so long as the Government makes the property or material reasonably available to the defendant</u>."  18 U.S.C. § 3509(m)(2)(A) (emphasis added).  The term "reasonably available" means providing the defendant "ample opportunity for inspection, viewing, and examination at a Government

---

[1] On December 16, 2011, the Court granted Defendant's motion to suppress evidence seized from Plaintiff's home.  Dkt. 37.  The Court denied the motion to suppress with respect to Defendant's workplace computers.  Id.

facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." Id. § 3509(m)(2)(B).

Consistent with the Adam Walsh Act, the Government and Defendant, through their respective counsel, Brian Lewis and Ned Smock, entered into the Protective Order. The recitals to the Protective Order state that "in order to comply with Title 18, United States Code, section 3509(m), and to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States and defendant agree and stipulate that disclosure of the alleged contraband materials on the seized computer media are subject to the following restrictions[.]" Protective Order at 2. The Protective Order requires the Government to make a mirror copy of "all seized computer media" available to the defense team in a format of Defendant's choosing. Id. ¶ 3. The hard drives are to be made available "in a private room at the offices of the United States Attorney, 1301 Clay St., Suite 340S, Oakland, CA 94612, or any other location agreed upon by the parties ('the examination room')." Id.

The Protective Order specifies that the defense team (i.e., Defendant, his counsel, and defense experts) are to have access to the hard drives during business hours or any other mutually agreeable time. Id. No Government agents are allowed in the examination room while the defense team is reviewing the hard drives. Id. The defense team may examine the evidence with a Government-provided computer, but the defense team is allowed to bring in "whatever hardware, software, books, or records it believes necessary to conduct the examination, including a computer on which it may conduct a forensic analysis of the defense hard drive." Id. ¶ 4. The defense is also permitted to bring in a separate computer that can access the internet, provided that computer is not used to examine the evidence. Id. ¶ 4. The defense team is permitted to leave the examination room while the Government's or its own computers are running in the team's absence, and no Government agents will be allowed in the room while those processes are ongoing. Id.

### C. DEFENDANT'S REVIEW OF THE EVIDENCE

On June 16, 2011, prior to the entry of the Protective Order, the Government made the computers seized from Defendant's office available at its offices in Oakland. Lewis Decl. ¶ 2, Dkt. 58-1. At that time, defense counsel reviewed the images stored on those computers. Id.

On April 6, 2012, the Government voluntarily produced an Excel spreadsheet identifying the images of or related to child pornography, and made available for the defense review a subset of the images preliminarily selected for use at trial. Id. ¶ 3.

On May 14, 2012, the Government made available a single external hard drive containing images from the seized computers for the defense expert to analyze using her own computer equipment in a secure room at an LBL office in Livermore. Id. ¶ 4. In addition, the Government made available a separate computer and hard drive with all of the evidence loaded and preprocessed by the Forensic Toolkit software program. Id. This computer was provided to allow defense counsel and/or his expert to view the child pornography without waiting for the defense expert to first process the images using her own software. Id. Defendant retained an Arizona-based computer forensics expert, Tami Loehrs, spent two days reviewing the hard drives. Smock Decl. ¶ 7, Dkt. 57. Defendant does not indicate that the expert experienced any difficulties in inspecting the hard drives over the course of those two days.

Defense counsel (and possibly his expert) made a second visit to the LBL office on July 12, 2012. Smock Decl. ¶ 11; Lewis Decl. ¶ 5.[2] At that time, the Government again provided the defense with images of the evidence, a computer with the evidence preprocessed, and the CD containing the subset of the relevant images. Id. ¶ 5. Defense

---

[2] Defense counsel states that Ms. Loehrs was present at the July 12, 2012 visit. Smock Decl. ¶ 11. The Government counsel, who was present at the inspection, contends that Ms. Loehrs was not there. Lewis Decl. ¶ 5. Ms. Loehrs' declaration indicates that she travelled to LBL with defense counsel, but she does not indicate the date of her visit. Loehrs Decl. ¶ 23. In addition, she makes no complaints regarding any difficulties accessing the hard drives which defense counsel claims to have experienced during the July 12, 2012 visit. Smock Decl. ¶ 11.

1 counsel, though not his expert, alleges in his declaration that he experienced difficulty
2 using the computer system provided by the Government, including two system freezes
3 requiring a reboot.  Smock Decl. ¶ 11.  Notably, both the Government's counsel and the
4 case agent were onsite and available during the evidence review to provide any needed
5 technical support to the defense.  Lewis Decl. ¶ 5.  The case agent showed the defense how
6 the excel spreadsheet corresponded with the data on this computer and helped them operate
7 the machine to view the images.  Id.  There is no indication in the record that defense
8 counsel communicated any problems to the Government relating to defense counsel's use
9 of the Government's hardware or software.
10         On July 31, 2012, Defendant filed the instant motion for discovery seeking "an order
11 that the Government provide him with two mirror copies of all hard drives seized at Mr.
12 Busby's workplace that contain evidence that the Government intends to introduce at trial,
13 as well as the Government's original Forensic Toolkit . . . files and all bookmarks on those
14 files."  Mot. at 2.  In support of his motion, Defendant has attached the declaration of his
15 Federal Public Defender, Mr. Smock, and a declaration from the computer expert, Ms.
16 Loehrs.  The Government opposes the motion on the ground that it has made the images at
17 issue in this case reasonably available to the defense, consistent with both the Protective
18 Order and the Adam Walsh Act.  Defendant filed his reply on August 21, 2012, and the
19 matter is now fully briefed.
20 **II.     DISCUSSION**
21         The Adam Walsh Act precludes federal courts from granting a defense request to
22 reproduce any material constituting child pornography "so long as the Government makes
23 the property or material <u>reasonably available</u> to the defendant."  18 U.S.C. § 3509(m)(2)(A)
24 (emphasis added).  "[R]easonably available" means providing the defendant "'ample
25 opportunity for inspection, viewing, and examination at a Government facility of the
26 property or material by the defendant, his or her attorney, and any individual the defendant
27 may seek to qualify to furnish expert testimony at trial.'"  <u>Wright</u>, 625 F.3d at 614 (quoting
28

18 U.S.C. § 3509(m)(2)(B)).  The Adam Walsh Act does not require that "the defendant and the government have equal access to the child pornography evidence." Id. at 616.

        Defendant argues that he is entitled to two mirror copies of all hard drives seized from his workplace on the grounds that the Government has not made the drives "reasonably available" to him.  While acknowledging that the Government has identified the images it intends to use at trial, has complied with the Protective Order and has made the hard drives available for inspection at a mutually agreeable location, Defendant contends that, unlike the Government, he has not been provided "unlimited and unobstructed access to the hard drives[.]"  Mot. at 4.  Defendant complains that the LBL office is 45 minutes from his attorney's office, the examination office is small and "ill-equipped", and that the Government-supplied software and hardware operate slowly and inefficiently.  Mot. at 10-12. Given the time-consuming nature of the review, Defendant contends that it is inefficient and costly for his expert to have to make multiple trips to and from Arizona, where she is based.  Id. at 11.  In addition, Defendant claims that in order to perform the sophisticated type of forensic review he seeks to conduct, his expert needs to examine hard drives at her facility in Arizona, where she has over twenty computers and hundreds of thousands of dollars' worth of equipment.  Id. at 10.

        The Court is not persuaded by Defendant's contention that the Government has failed to make the hard drives reasonably available to him under the terms of the Act and Protective Order.  As noted, "reasonably available" means "ample opportunity for inspection, viewing, and examination" of the evidence; i.e., the hard drives.  See 18 U.S.C. § 3509(m)(2)(B).  Since June 2011, the Government has made the computers available to Defendant for inspection, first at the U.S. Attorney's Office in Oakland, and more recently

at LBL's office in Livermore.[3]  Though Defendant claims to have experienced difficulty using the Government's software and hardware, there is no evidence that he sought to address these alleged concerns with the Government.  Indeed, the record shows that the Government's counsel and the case agent were present at the inspections (outside the examination room), and, in fact, instructed defense counsel on how to use the system.  Defendant's papers studiously avoid any reference to this fact.

With regard to the alleged inadequacy of the Government-supplied equipment and software, Defendant ignores that the Protective Order expressly authorizes "[t]he defense team . . . to bring into the examination room <u>whatever hardware, software, books, or records it believes is necessary to conduct the examination</u>, including a computer on which it may conduct a forensic analysis of the defense hard drive." Protective Order ¶ 4 (emphasis added).  Yet, neither defense counsel nor Ms. Loehrs state in their respective declarations that they made any attempt to utilize their own software or computers.  Smock Decl. ¶ 11; Loehr Decl. ¶ 23.  Though Ms. Loehrs claims that a "'mobile lab' consisting of a laptop, minimal software and a few other pieces of anticipated hardware . . . is not adequate for conducting thorough forensic examinations," Loehr Decl. ¶ 12, she offers no factual support or details to substantiate this conclusory assertion.

At its core, Defendant's argument is that he is entitled to the same access to analyze the hard drives as the Government, and that it is unfair that his counsel and expert "have had to work under Government time and privacy restrictions that impair their ability to adequately conduct an analysis." Mot. at 4.  However, the Act simply does not entitle criminal defendants equal access to the evidence supporting a child pornography charge.

---

[3] Defense counsel makes a point of repeatedly complaining that it took him and his expert 45 minutes to travel to LBL's office in Livermore and that they had to wait 15 to 20 minutes to get through security.  Smock Decl. ¶ 7.  However, the Protective Order specifies that the Government shall make the hard drives available for inspection at the U.S. Attorney's Office in Oakland "<u>or any other location agreed upon by the parties</u>[.]"  <u>See</u> Protective Order ¶ 3 (emphasis added).  If defense counsel believed that Livermore was inconvenient for the inspection, he should have not have agreed to LBL but rather opted to inspect the drives at the U.S. Attorney's office, which is across the street from the Federal Public Defender's office, or some other mutually agreeable location.

See Wright, 625 F.3d at 616-617.  Rather, Defendant is entitled to "ample opportunity for inspection, viewing, and examination," which the record in this case shows that the Government has provided.  While Defendant's expert's desire to inspect the hard drives in her facility in Arizona is understandable, that preference is insufficient to establish the Government's alleged failure to make the subject evidence "reasonably available" within the meaning of the Adam Walsh Act.  See United States v. Jarman, 687 F.3d 269, 271 (5th Cir. 2012) ("We . . . emphasize that to the extent that the district court equated inconvenience to the expert or complexity of the case with a failure to make child pornography evidence reasonably available, we reject such rationale."); United States v. Battaglia, No. 5:07cr0055, 2007 WL 1831108, at *4-6 (N.D. Ohio, June 25, 2007) (finding that the time restrictions, inconvenience and expense associated with multiple trips to inspect child pornography evidence at an offsite location "do not amount to the deprivation of an 'ample opportunity' to view, examine, or inspect the material"). [4]

## III.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.   Defendant's Motion to Produce Discovery is DENIED.

2.   The motion hearing scheduled for October 23, 2012 is VACATED.  The parties shall contact the Duty Magistrate Judge of the Oakland Division of this Court forthwith to schedule the matter for a status conference.

3.   All further motions file by Defendant in this action shall be limited to ten (10) pages absent prior leave of Court.

---

[4] Defendant alternatively argues that in the event the Court construes the Act as precluding the production of the hard drives to Defendant, "the provision should be found unconstitutional as applied in this case." Mot. at 15.  However, in light of Defendant's deficient showing in support of his motion, the Court need not address whether the Act prohibits the disclosure of the hard drives.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT IS SO ORDERED.

Dated:  October 18, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge