UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     vs.<br><br>DAVID BUSBY,<br><br>             Defendant. | Case No: CR 11-00188 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** |

On September 19, 2013, a jury found Defendant David Busby guilty of having violated 18 U.S.C. § 2252(a)(4)(B) and (b)(2)—Possession of and Access with the Intent to View Child Pornography. The parties are presently before the Court on Defendant's Motion for Judgment of Acquittal. Dkt. 143. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

I.     **BACKGROUND**

   A.     FACTUAL SUMMARY

Defendant is a former sex offender, who, during the relevant time period, was employed by the Lawrence Berkeley National Laboratory ("LBL") at its site located in Oakland, California. On April 20, 2010, an off-site cyber security contractor monitoring Internet activity at LBL noticed an unusual amount of Internet traffic to domain names ending in .biz and .info, preceded by suspicious entries such as "tinymodel," "young-

angels," "party-models," "newstar-bambi," and "skygirls."  LBL's server also was being used to access BitTorrent files with names such as "Taboo-Incest-Father-And-Daughter-Have-Sex-But-Busted-By-Moms-Hidden-Camera-Pthc-Porn-2007-incest" and "Pthc-Russia10Yo-11Yo-Little-Brother-And-Sister-2BoyGirls-Fucking-Just-Posing-Or-Naked-Pthc-R."[1]  The contractor traced these queries to a computer assigned to Defendant.

Later in the day on April 20, 2010, LBL's Director of Security contacted the University of California Police Department ("UCPD") to report that an employee was visiting websites that potentially host child pornography.  Law enforcement officials eventually seized Defendant's workplace computers and found evidence of child pornography.  During the course of the ensuing criminal investigation, Defendant admitted to federal Department of Energy ("DOE") agents that he downloaded and viewed child pornography on his work computer and that they would likely find child pornography on the cache files on his computers.  Defendant admitted to visiting child pornography websites, downloading images of child pornography, placing them in an untitled file, and then later deleting the images from his work computers.

**B.   PROCEDURAL HISTORY**

On March 31, 2011, Defendant was indicted on one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  Dkt. 1.  The Superseding Indictment, filed July 9, 2013, charges that "[f]rom a time unknown … to on or about April 20, 2010, … DAVID BUSBY did knowingly possess and knowingly access with the intent to view at least one matter which contained a visual depiction [of child pornography] . . . in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2)."  Superseding Indictment at 1, Dkt. 114.

The matter was tried to a jury, which, on September 19, 2013, unanimously found the Defendant guilty as charged.  Dkt. 135.  Thereafter, Defendant timely filed the instant motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29.  Dkt.

---

[1] The term "pthc" stands for pre-teen hardcore.

143.  Defendant contends that the government failed to prove that: (1) the pornographic images were "shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce"; and (2) he "knowingly possessed or knowingly accessed with intent to view matters that he knew contained visual depictions of minors engaged in sexually explicit conduct."  Mot. at 6, 8 (alterations omitted).  The government and Defendant timely filed an opposition and reply, respectively, in connection with the motion.  Dkt. 144, 145.  The motion is fully briefed and is ripe for adjudication.

## II.     LEGAL STANDARD

Under Federal Rule of Criminal Procedure 29, a defendant may file a motion for a judgment of acquittal after a jury verdict.  A Rule 29 motion challenges the sufficiency of evidence.  "In ruling on a Rule 29 motion, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  United States v. Alarcon-Simi, 300 F.3d 1172, 1176 (9th Cir. 2002) (quoting United States v. Bahena-Cardenas, 70 F.3d 1071, 1072-73 (9th Cir. 1995)).  "[I]t is not the district court's function to determine witness credibility when ruling on a Rule 29 motion."  Id.

## III.    DISCUSSION

### A.     INTERSTATE COMMERCE

Section 2252(a)(4)(B), as amended in 2007 by the Enhancing the Effective Prosecution of Child Pornography Act of 2007 ("2007 Act"), enacted October 8, 2008, Pub. L. No. 110-358, 122 Stat. 4001 (2008), imposes criminal liability on any person who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—

>> (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>
> (ii) such visual depiction is of such conduct; . . .

18 U.S.C. § 2252(a)(4)(B) (2011) (emphasis added).

Defendant first argues that the government failed to present sufficient evidence to establish that each of the images of child pornography presented to the jury was "shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce," as required by § 2252(a)(4)(B). Mot. at 6-8. According to Defendant, the government's evidence showed, at most, that Defendant obtained the images through the Internet, which, standing alone, does not satisfy the interstate commerce element. In support of this contention, Defendant relies on United States v. Flyer, 633 F.3d 911, 917-18 (9th Cir. 2011) and United States v. Wright, 625 F.3d 583, 596 (9th Cir. 2010), which reversed child-pornography convictions based on the lack of proof that the charged images had moved across state lines. Defendant argues that "[a]s in Flyer and Wright, the government in this case introduced no evidence that the charged images had moved in interstate commerce." Mot. at 7. This contention lacks merit.

In Wright, the court held that 18 U.S.C. § 2252A(a)(1), which criminalizes the distribution of child pornography, requires the actual interstate transportation of child pornography and that "a defendant's mere connection to the Internet does not satisfy the jurisdictional requirement where there is undisputed evidence that the files in question never crossed state lines." 625 F.3d at 595; see also Flyer, 633 F.3d at 918 (following Wright and reversing conviction for attempted shipping and transportation of child pornography under 18 U.S.C. §§ 2252(a)(1) and (b)(1) where there was "no evidence at trial directly showing that the two files downloaded by [the defendant] traveled across state lines").[2] Both Wright and Flyer are inapposite, however, because they involved earlier

---

[2] Sections 2252A, 2252(a)(1), (b)(1) and (b)(4)(B) contain the same jurisdictional language.

versions of the relevant statutes, prior to their amendment by the 2007 Act, which, as will be discussed below, substantially expanded their jurisdictional reach.

The legislative history to the 2007 Act indicates that Congress was unhappy with court decisions which narrowly construed the jurisdictional scope of federal child pornography laws.  See United States v. Lewis, 554 F.3d 208, 216 (1st Cir. 2009). Congress thus chose to expand federal jurisdiction "to the outer limits of its Commerce Clause authority" to include not only materials that have been "shipped or transported in interstate or foreign commerce"—but also those materials shipped or transported "using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce[.]" Id.  The significance of this amendment was discussed in Wright. Although the defendant in Wright was charged with the pre-2007 Act version of § 2252A, the government argued that the 2007 Act's expanded jurisdictional provisions confirmed that Congress had "always meant" for the then existing jurisdictional limitation "in interstate or foreign commerce" to be satisfied "by any predicate use of the Internet." 625 F.3d at 600.  The Ninth Circuit rejected that contention, noting that Congress passed the 2007 Act based in part on a specific finding that "'[t]he transmission of child pornography using the Internet constitutes transportation in interstate commerce'" (alteration in original) (quoting Pub. L. No. 110-358, § 102(7))).  This amendment, the court concluded, amounted to a "substantial change," and not a mere "clarification" that could be read into the version of § 2252A(a)(1) first enacted in 1996.  Id.

Here, the offense conduct occurred in 2010, after the effective date of the 2007 Act. As such, neither Flyer nor Wright's requirement that the government must show that the pornographic images had moved across state lines is germane to the instant case.  Rather, under the current version of § 2252(a)(4)(B) which includes the expanded jurisdictional language, the interstate commerce requirement is satisfied by a defendant's use of the Internet to possess or access with the intent to view child pornography.  See United States v. Havlik, 710 F.3d 818, 824 (8th Cir. 2013) (upholding conviction under § 2252(a)(4)(B), finding that evidence that defendant downloaded child pornography from the Internet was

sufficient to satisfy the jurisdictional element of statute criminalizing possession of child pornography, as the Internet was an instrumentality and channel of interstate commerce); United States v. Schaff, 454 F. Appx. 880, 2012 WL 119130, at *3 n.1 (11th Cir. Jan. 17, 2012) ("Because the internet is a means or facility of interstate commerce, evidence that the defendant used the internet to obtain child pornography is sufficient to obtain a conviction under the new version of the statute [pursuant to the 2007 Act], even without proof of an actual interstate transmission.").[3]

At trial, the government presented evidence that Defendant admitted to federal DOE agents that he used the Internet to search for and download images of child pornography from the Internet onto his work computer and that such images were, in fact, found on his computer. In addition, the government introduced evidence, such as various computer logs, showing that Defendant used the Internet to search for child pornography and specifically request "pre-teen hardcore" Internet files such as "Pthc-Russia10Yo-11Yo-Little-Brother-And-Sister-2BoyGirls-Fucking-Just-Posing-Or-Naked-Pthc-R." Setting aside Defendant's admission that he downloaded child pornography, a reasonable trier of fact could deduce from the record that Defendant utilized the Internet to find images of child pornography and that such files were found on his computer. Accordingly, the Court rejects Defendant's contention that insufficient evidence was presented to satisfy the jurisdictional requirements of § 2252(a)(4)(B).

## B. KNOWING POSSESSION OR ACCESS WITH INTENT TO VIEW

Equally without merit is Defendant's ancillary contention that there is insufficient evidence that he knowingly possessed or accessed with the intent to view child pornography because all of the files containing those images were found on the unallocated

---

[3] Defendant posits that allowing federal jurisdiction to be predicated upon the use of the Internet exceeds the Congress' power under the Commerce Clause. Mot. at 8. He cites no relevant authority to support this contention. That aside, the Ninth Circuit in Wright acknowledged that in passing the 2007 Act, Congress "chose to reach some wholly intrastate conduct with respect to distribution and possession of child pornography," and, in doing so, "chose to regulate to the outer limits of its Commerce Clause authority." 625 F.3d at 600.

1. space of his hard drive (i.e., where deleted files are stored). Defendant relies on Flyer for
2. the proposition that the mere presence of images of child pornography in unallocated space
3. of a computer hard drive does not, standing alone, prove knowing possession of child
4. pornography. Defendant's reliance on Flyer is misplaced.
5.   In Flyer, the defendant was charged with and convicted of various violations of an
6. earlier version of 18 U.S.C. § 2252, including a violation of § 2252(a)(4)(B) for possession
7. of child pornography on a specific date—April 13, 2004—the date his computer was seized
8. pursuant to a search warrant. On appeal, the Ninth Circuit held that there was insufficient
9. evidence of knowing possession because, on the date alleged in the Indictment, all of the
10. files of child pornography had been deleted and were found only in the unallocated area of
11. the defendant's hard drive. Id. at 917-18. The government conceded that there was no
12. evidence that the defendant knew about these files or that he had the ability to access them.
13. Id. at 918. As such, the court concluded that the "deletion of an image alone does not
14. support a conviction for knowing possession of child pornography on or about a certain
15. date within the meaning of § 2252(a)(4)(B)," given that there was "[n]o evidence . . . that
16. on or about April 13, 2004, Flyer could recover or view any of the charged images in
17. unallocated space or that he even knew of their presence there." Id. at 920 (emphasis
18. added).
19.   Unlike the indictment in Flyer which alleged that defendant possessed child
20. pornography on a particular date, the Superseding Indictment accuses him of possession as
21. well as knowing access with an intent to view over a period of time leading up to April 20,
22. 2010, the date Defendant's computers were confiscated. At trial, the government presented
23. evidence that Defendant, by his own admission, viewed child pornography and visited child
24. pornography sites using his LBL computers and downloaded child pornography during the
25. charged time period. He also admitted to downloading such images which he then placed
26. in an untitled file on his computer, and, after some time, would delete them. The fact that
27. Defendant downloaded the files and then deleted them is circumstantial evidence of
28. knowing possession. See United States v. Ramos, 685 F.3d 120, 132 (2d Cir. 2012)

(holding that the defendant's possession of child pornography was demonstrated by evidence that he searched for and downloaded child pornography using the internet, and later attempted to delete the temporary files and browsing history from his computer); United States v. Bass, 411 F.3d 1198, 1201-1202 (10th Cir. 2005) (holding that the jury could reasonably infer that defendant's efforts to sanitize his computer of downloaded child pornography file showed knowing possession of child pornography); see Richardson v. United States, No. 3:06-cr-00085-MR-1, 2013 WL 2548562, *15 (W.D.N.C. June 10, 2013) ("Even if the images were in the unallocated space of Petitioner's computer on the date it was seized as a result of his having deleted them several days earlier, Petitioner's confession establishes that he possessed child pornography, and there is no reasonable probability that the assertion of the unallocated space defense [under Flyer] would have resulted in his acquittal."). Construing the evidence in a light most favorable to the government, the Court finds that a rational trier of fact could have found the essential elements of a violation of § 2252(a)(4)(B), including knowing possession or access with the intent to view images of child pornography, beyond a reasonable doubt.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Defendant's Motion for Judgment of Acquittal is DENIED.

IT IS SO ORDERED.

Dated: March 18, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge